IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **HENRY IVEY** also known as Ivey Henry, | : |
| **Plaintiff,** | : |
| VS. | : |
| | : CIVIL No: 5:16-CV-0324-MTT-CHW |
| **UNNAMED DEFENDANT(S),** | : |
| **Defendants** | : |

## DISMISSAL ORDER

Plaintiff Henry Ivey, an inmate confined at Central State Prison in Macon, Georgia, has filed a *pro se* pleading in this Court which was construed as a possible civil rights complaint. On July 15, 2016, Plaintiff was ordered to recast his complaint and either pay the Court's filing fee - or a move to proceed *in forma pauperis*. *See* Order, ECF No. 6. Plaintiff was given twenty-one days to comply and warned that a failure to comply with an order of the court could result in the dismissal of his complaint. *Id*. The time allowed for compliance nonetheless expired without any response from Plaintiff; and the United States Magistrate Judge has since ordered Plaintiff to show cause why his lawsuit should not be dismissed for his failure to comply. *See* Show Cause Order, ECF No.7.

The time for filing a response to the Court's second show-cause order expired on or about October 20, 2016. Plaintiff has neither complied with the Court's Order nor shown good cause for his failure to do so. The Court in fact has not received any correspondence

from Plaintiff since his original pleading was docketed on June 27, 2016.  It thus appears that he either did not intend to file a complaint or no longer wishes to pursue his claims.

For these reasons, and because it does not appear that the relevant two-year statute of limitations would bar Plaintiff's from refiling his claims,[1] the present action is thus properly **DISMISSED** without prejudice for Plaintiff's failure to comply and/or diligently prosecute his case.  See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") *See also*, 28 U.S.C. § 1915A(b) (authorizing *sua sponte* dismissal prior to service for failure to state a claim).

**SO ORDERED** this 13th day of January, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] In the event that this Court is required to presume that the statute of limitations would bar refiling, the Court has also, in an abundance of caution, reviewed Plaintiff's extremely brief pleading under 28 U.S.C. § 1915A(a) and finds that it fails to state a viable claim relief: No defendant is even identified.

2